# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANTRELL TEEN, #461504 <br>            Plaintiff, <br><br> vs. <br><br> MARY ROBINSON-DAVIS, <br>            Defendant. | Case No. 18-cv-991-JPG |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This case was severed on April 18, 2018 from *Teen v. John Doe #1*, Case No. 18-cv-568-JPG-RJD (S.D. Ill.). (Doc. 1). It contains the claim designated as Count 2 in the original case, described as follows:

> **Count 2:** First Amendment retaliation claim against Robinson-Davis, for charging Plaintiff for food trays that were never delivered, after Plaintiff made complaints about the food service and/or filed a lawsuit against Robinson-Davis.
> .

Plaintiff Antrell Teen, a pretrial detainee confined at the St. Clair County Jail ("the Jail"), filed the original civil rights action pursuant to 42 U.S.C. § 1983 on March 13, 2018. In the original action, among other things, Plaintiff alleged that various officials were retaliating against him for having brought complaints and lawsuits against Jail staff. This severed action pertains to alleged acts of retaliation by Mary Robinson-Davis, the Jail's kitchen supervisor. Plaintiff's claims are now before the Court for a preliminary review pursuant to 28 U.S.C. § 1915A.

Under § 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). The Court must dismiss any portion of the Complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be

1

granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton*, 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. However, the factual allegations of a *pro se* complaint are to be liberally construed. *See Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011); *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

### **The Complaint (Doc. 2)**

Plaintiff's factual allegations relating to Count 2 are as follows.

Beginning in January 2016, Plaintiff submitted a number of captain complaints, raising concerns about several problems in the Jail. One of Plaintiff's complaints pertained to maggots

in the food at the Jail. In addition, Plaintiff has sued various Jail officials during his imprisonment, including Robinson-Davis. (Doc. 1, p. 4). As a result of these complaints and lawsuits, Plaintiff asserts that Robinson-Davis has retaliated against him by repeatedly denying Plaintiff access to hot food trays. (Doc. 1, p. 5). Specifically, Plaintiff claims that he would place a hot tray order and his account would be charged, but no tray would be delivered to him, while other inmates received their hot trays without a problem. Plaintiff had to file complaints before his money was eventually refunded. *Id.*

## Discussion

Prison officials may not retaliate against inmates for filing grievances, lawsuits, or otherwise complaining about their conditions of confinement. *See, e.g., Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012); *Walker v. Thompson*, 288 F.3d 1005 (7th Cir. 2002); *DeWalt v. Carter*, 224 F.3d 607 (7th Cir. 2000); *Babcock v. White*, 102 F.3d 267 (7th Cir. 1996); *Cain v. Lane*, 857 F.2d 1139 (7th Cir. 1988). A "prisoner can state a claim for retaliatory treatment by alleging a chronology of events from which retaliation can be inferred." *Jellis v. Hulick*, 422 F. App'x 548, 550 (7th Cir. 2011). However, the Seventh Circuit has rejected the notion that prisoners are *required* to allege a chronology of events at the pleading stage. *See McElroy v. Lopac,* 403 F.3d 855, 858 (7th Cir. 2005) ("we note that the district court required far too much of [the prisoner] in the first place. Our recent cases have rejected any requirement that an inmate allege a chronology of events in order to state a claim of retaliation because such a requirement is contrary to the federal rule of notice pleading."); *Walker v. Thompson*, 288 F.3d 1005, 1009 (7th Cir. 2002) (prisoner need not allege a chronology of events in order to state a claim for retaliation). "Instead, a plaintiff must allege only enough to put the defendants on notice and enable them to respond." *McElroy,* at 858. In this regard, allegations describing the defendant's

retaliatory conduct and the constitutionally protected activity that motivated the retaliatory conduct are sufficient. *Id.*

Plaintiff claims that, after filing complaints (including complaints about food at the Jail) and after naming Robinson-Davis as a defendant in one or more civil rights lawsuits, he was repeatedly denied access to hot food trays and charged for food he never received. Plaintiff also asserts that Robinson-Davis was responsible for the alleged retaliatory actions. Even if these allegations would not be actionable in and of themselves, if the acts were taken in retaliation for the exercise of a constitutionally protected right, then they are actionable under § 1983. *See Bridges v. Gilbert*, 557 F.3d 541, 552 (7th Cir. 2009) (discussing *Howland v. Kilquist*, 833 F.2d 639, 644 (7th Cir. 1987) ("[A]n act in retaliation for the exercise of a constitutionally protected right is actionable under Section 1983 even if the act, when taken for different reasons, would have been proper.").

At issue here is whether Plaintiff experienced an adverse action that would likely deter First Amendment activity in the future, and if the First Amendment activity was "at least a motivating factor" in Defendant's decision to take the retaliatory action. *Bridges v. Gilbert*, 557 F.3d 541, 551 (7th Cir.2009). This is a question that cannot be resolved at the pleadings stage of this case. Thus, Plaintiff may proceed on his retaliation claim against Robinson-Davis at this time.

### Disposition

**IT IS HEREBY ORDERED** that the Complaint, which includes **COUNT 2,** shall proceed as to **ROBINSON-DAVIS.** The Clerk of Court shall prepare for **ROBINSON-DAVIS**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the

4

Complaint, a copy of the Memorandum and Order at Doc. 1, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If the Defendant cannot be found at the address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file, nor disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a **United States Magistrate** for further pre-trial proceedings. Further, this entire matter shall be **REFERRED** to a United States Magistrate Judge for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* will be granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **REMINDED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7**

**days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: May 10, 2018**

s/J. Phil Gilbert<br>
United States District Judge