IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ANTRELL TEEN, #Y35968, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | Case No. 18-cv-00991-JPG |
| | ) | |
| MARY ROBINSON-DAVIS, | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM & ORDER

**GILBERT, District Judge:**

This matter comes before the Court for consideration of Defendant Mary Robinson-Davis' Motion for Summary Judgment. (Doc. 33). Robinson-Davis seeks dismissal of this action based on Plaintiff's failure to exhaust his available administrative remedies prior to filing suit. (*Id*.). Plaintiff did not respond to the motion for summary judgment. On June 18 and August 28, 2020, the Court entered orders requiring him to show cause why his lack of response should not be construed as an admission of the merits of the motion. (Docs. 37 and 38) (citing SDIL-LR 7.1(c)). Plaintiff also failed to respond to both show cause orders. Accordingly, the motion for summary judgment shall be **GRANTED**.

### BACKGROUND

Plaintiff commenced a civil rights action in this District by filing a Complaint pursuant to 42 U.S.C. § 1983 for miscellaneous constitutional deprivations that occurred at St. Clair County Jail. *Teen v. John Doe #1*, Case No. 18-cv-568-JPG-RJD (S.D. Ill.) ("original case"). The original case contained several claims that were improperly joined therein. This case was opened when Count 2 was severed from the original case on April 19, 2018. (Doc. 1). Count 2 is a First Amendment retaliation claim against Mary Robinson-Davis, the Food Service Director for

1

Aramark Correctional Services, LLC, for charging Plaintiff for food trays that were never delivered after he complained about the food service and/or filed a lawsuit against Robinson-Davis. (*Id*.). Following threshold review pursuant to 28 U.S.C. § 1915A, Plaintiff was allowed to proceed with the First Amendment retaliation claim in this severed case. (Doc. 6).

Robinson-Davis moved for summary judgment on May 15, 2020. (Doc. 33). In the motion, she argues that Plaintiff failed to exhaust his available administrative remedies before filing the original lawsuit. (*Id*.). She points out that Plaintiff failed to file a single Captain's complaint or formal grievance regarding repeated acts of retaliation by Robinson-Davis. (Doc. 33-1 at ¶ 17). None of the eight Captain's complaints attached to the original Complaint refer to retaliation by Robinson-Davis. (*Id*.). No other documents obtained in connection with the issue of exhaustion during the relevant time period address complaints of retaliation against Robinson-Davis for repeatedly denying Plaintiff access to hot food trays and charging him for those trays.[1] (*Id*. at ¶ 16).

Moreover, summary judgment was already granted to two defendants who were named in connection with two other retaliation claims (Counts 4 and 10) severed from the original case. (*Id*. at ¶¶ 4, 8) (citing *Teen v. Nichols and Kempf*, No. 18-cv-997-JPG-MAB). Defendants were awarded summary judgment following a hearing and after Plaintiff conceded that he "did not exhaust the administrative remedies prior to filing this suit." (*Id*.). Robinson-Davis claims that the doctrine of collateral estoppel bars Plaintiff from arguing otherwise in this case. She asks the Court to find that Plaintiff's prior admission that he failed to exhaust his administrative remedies for any retaliation claim against Robinson-Davis or any individual working in, or employed by,

---

[1] Defendant obtained captain's complaints, grievances, and other requests submitted by Plaintiff at St. Clair County Jail from April 19, 2016, to April 16, 2019, in response to a Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action served upon the custodian of inmate records at St. Clair County Jail.

the St. Clair County Jail precludes him from pursuing Count 2 against her. On these facts, Robinson-Davis asks the Court to grant summary judgment in her favor based on Plaintiff's failure to exhaust his administrative remedies. (*Id.*).

## LEGAL STANDARDS

**A.     Summary Judgment**

Summary judgment is proper only if the moving party can demonstrate "that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." *See* FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party is entitled to judgment as a matter of law when the pleadings, answers to interrogatories, depositions, and admissions, along with affidavits, show that there is no genuine issue of material fact. FED. R. CIV. P. 56(c). If a defendant demonstrates the absence of sufficient evidence to support Plaintiff's claim, Plaintiff must demonstrate by affidavit, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue of material fact for trial. *Celotex Corp.*, 477 U.S. at 324-25.

**B.     PLRA Exhaustion Requirement**

The Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a), governs lawsuits filed by inmates about the conditions of their confinement pursuant to 42 U.S.C. § 1983. The PLRA provides that "no action shall be brought with respect to prison conditions under [S]ection 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The Supreme Court has interpreted the PLRA to require "proper exhaustion" before filing suit. *Woodford v. Ngo*, 548 U.S. 81, 84 (2006); *Perez v. Wis. Dept. of Corr.*, 182 F.3d 532, 534-535 (7th Cir. 1999) (stating that Section 1997e(a) of the PLRA "makes exhaustion a precondition to

bringing suit" under Section 1983).  This requires an inmate to "us[e] all steps that the agency holds out, and do[ ] so properly (so that the agency addresses the issues on the merits)."  *Woodford*, 548 U.S. at 90 (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)).  In other words, an inmate must "file complaints and appeals in the place, and at the time, the prison's administrative rules require."  *Pozo*, 286 F.3d at 1025.

Robinson-Davis points out that Plaintiff was either provided with St. Clair County Jail's Detainee Rules and Regulations at dress-out or could have requested a copy from a correctional officer.  (Doc. 33-1, ¶¶ 12-14).  The Jail uses a multi-step grievance process set forth therein.  (*Id*. at ¶¶ 12-13).  A detainee must first submit a captain's complaint.  (*Id*.).  If the detainee receives no response to the complaint within 15 days, the Jail Superintendent must be notified.  (*Id*.).  A written grievance must then be submitted to the shift supervisor within 24 hours of the "circumstances or conditions which prompted the grievance."  (*Id*.).  A response should be provided within 3 days by the immediate supervisor.  (*Id*.).  If the detainee is still dissatisfied, he may submit a grievance to the Assistant Jail Superintendent[2] within 48 hours.  (*Id*.).  An appeal of that decision must be made within 3 days of receipt to the Jail Superintendent, who makes the final decision.  (*Id*.).

Robinson-Davis asserts that Plaintiff used the grievance process during the relevant time period.  (Doc. 33).  However, he did not file a single grievance or complaint about retaliation by Robinson-Davis.  (*Id*.).  He thus failed to exhaust available administrative remedies before bringing suit.  (*Id*.).

As previously mentioned, Plaintiff did not file a response to Robinson-Davis' summary judgment motion.  Pursuant to Federal Rule of Civil Procedure 56(e), "[i]f a party fails . . . to properly address another party's assertion of fact" the Court may "consider the fact undisputed for

---

[2] Robinson-Davis points out that the Captain and Assistant Jail Superintendent are the same person.  (*Id*.).

4

purposes of the motion." *See* FED. R. CIV. P. 56(e).  In addition, Local Rule 7.1(c) provides that a party's "[f]ailure to timely file a response to a motion may, in the Court's discretion, be considered an admission of the merits of the motion." *See* SDIL-LR 7.1(c).  Given that Plaintiff failed to respond to the summary judgment motion and two orders to show cause, the Court deems Plaintiff's failure to respond as an admission of the merits of the motion filed by Robinson-Davis. *See Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003); *Flynn v. Sandahl*, 58 F.3d 283, 288 (7th Cir. 1995) (noting that a failure to respond constitutes an admission that there are no undisputed material facts).  The Court accepts her argument that Plaintiff failed to file any grievance or complaint about the conduct giving rise to Count 2 herein.  Accordingly, the Court finds that Defendant is entitled to summary judgment.

## DISPOSITION

For the reasons set forth above, Defendant Mary Robinson-Davis' Motion for Summary Judgment (Doc. 33) is **GRANTED**.  *See* SDIL-LR 7.1(c); FED. R. CIV. P. 41(b) and 56(e).  This action, including **COUNT 2**, is **DISMISSED** with prejudice against Defendant **ROBINSON-DAVIS**.  If Plaintiff wishes to appeal this dismissal, his notice of appeal must be filed with this Court within thirty days of the entry of judgment.  FED. R. APP. P. 4(a)(1)(A).  A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal.  *See* FED. R. APP. P. 24(a)(1)(C).  If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal.  *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2).  Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike."  A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline.  FED. R. APP. P. 4(a)(4).  A Rule 59(e) motion must be

filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

The Clerk is **DIRECTED** to enter judgment accordingly and close this case.

**IT IS SO ORDERED**.

**DATED: 12/9/2020**                    s/J. Phil Gilbert
                                        **J. PHIL GILBERT**
                                        **United States District Judge**